21323

In the Interest of Willie Lee WASHINGTON, Appellant.

(272 S. E. (2d) 34)

*Staff Atty. David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. J. DuPre Miller,* Bennettsville, *for respondent.*

November 10, 1980.

Lewis, Chief Justice:

Appellant, a minor, was adjudged a delinquent by the Family Court because of the alleged larceny of a bicycle and has appealed. We find the evidence insufficient to sustain the conviction and reverse. The facts are undisputed.

Appellant rode the bicycle in question to the prosecuting witness' store. While the youth was in the store, the witness thought that he recognized the bike as one of two that had been stolen from the store some two months earlier. As the appellant left the store, he was asked about the bicycle. He indicated that the bicycle belonged to his sister and the youth was "sorta nervous." The police were summoned. They accompanied the youth on a visit with the sister. She denied ownership and further indicated she did not know where the boy acquired the bicycle.

During cross-examination, the prosecuting witness was asked if he could positively identify the bike as the one stolen. He replied he could not, but that there was no one else in town who sold that particular bicycle.

On appeal, the appellant alleges the trial judge erred by failing to grant a directed verdict. We agree.

In prosecutions for larceny, the identity of the thing stolen must be established beyond a reasonable doubt by either direct or circumstantial evidence. 52A C. J. S. Larceny, Section 132a, page 659.

While absolute identification is not necessary, we find the evidence insufficient to establish the identity of the property alleged to have been stolen. Therefore, the conviction cannot be sustained.

We need not consider the appellant's remaining exception.

Reversed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.